UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
ELVERT S. BRISCOE, JR.,          :     CASE NO. 1:11-CV-1236
                                                :
            Plaintiff,                       :
                                                :
vs.                                            :     OPINION & ORDER
                                                :
PROCTER & GAMBLE,              :
                                                :
            Defendant.                    :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Elvert S. Briscoe filed this products liability action against Procter & Gamble. He contends federal court jurisdiction is premised on diversity of citizenship. In the Complaint, Plaintiff alleges he suffered a topical reaction to antibacterial soap made by the Defendant. He seeks unspecified monetary relief.

**I. Background**

Plaintiff purchased four bars of Safeguard brand antibacterial soap from the Grafton Correctional Institution commissary on March 8, 2011. He states he used the soap for two days without incident. On the third day of use, he experienced areas of redness, burning and raised bumps on his skin. He used the product again one day later and claims he noticed scaring and scabbing on his inner forearm and thighs. Plaintiff contends he suffered mental and emotional anguish, physical pain and skin deterioration. He asserts claims for negligence, strict liability, breach of expressed warranty, breach of implied warranty, and failure to warn. He seeks unspecified damages for future medical care and compensation for his injuries.

### III. Analysis

A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. Diversity of citizenship, the basis for jurisdiction in the present case, exists only when no Plaintiff and no Defendant are citizens of the same state, and the amount in controversy exceeds the jurisdictional threshold. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir.1999). It is incumbent on the Plaintiff to state all parties' citizenships so that the existence of complete diversity can be confirmed and to establish the amount in controversy. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999); *see Washington v. Sulzer Orthopedics, Inc.*, No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003.).

As an initial matter, there is no indication in the Complaint that complete diversity exists between the parties. Plaintiff is an Ohio prisoner serving two concurrent life sentences. *State v. Briscoe*, No. 83471, 2004 WL 1753144 (Ohio App. 8 Dist. Aug. 5, 2004). He states in his Complaint that he is a citizen of the State of Ohio. [ECF No. 1 at 1.] Procter & Gamble is a corporation. For purposes of diversity jurisdiction, a corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. §1332(c)(1). Plaintiff indicates Procter & Gamble has its principal place of business in Cincinnati, Ohio. It is also incorporated under the laws of the State of Ohio.[1] Because both the Plaintiff and the Defendant are considered citizens of the State of Ohio, diversity of citizenship cannot be the basis for federal court jurisdiction.

---

[1] *See* www.pg.com.

In addition, Plaintiff did not establish that this case meets the jurisdictional amount in controversy requirement. He does not specify the amount of damages he seeks. He asks for compensatory damages and future medical expenses. Plaintiff suffered a topical skin reaction to limited use of the product. There is no suggestion in the Complaint that the damages in this matter would meet the jurisdictional requirement if Plaintiff had established diversity of citizenship.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

Dated: October 4, 2011                    *s/     James S. Gwin*
                                          JAMES S. GWIN
                                          UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.